UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANE DOE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2626** |
| **GRIFFON MANAGEMENT LLC, ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is an *ex parte* motion[1] filed by plaintiff requesting leave to proceed under the pseudonym "Jane Doe" in this housing discrimination case. Defendants have not yet appeared and have not filed a response. For the following reasons, the motion is **GRANTED**.

According to the complaint, plaintiff is HIV-positive and receives rental assistance from NO/AIDS Task Force, a "non-profit organization based in New Orleans that provides services and outreach to the HIV-affected community."[2] She alleges that she experienced discrimination and retaliation on the basis of her HIV-positive status in connection with her residence at the Creekside Apartments, owned by defendant, Creekside Apartments, LLC, and managed by defendants, Griffon Management LLC and Terry Allen.[3] She asserts that Allen, the on-site manager of the apartments, improperly disclosed her HIV-positive status to an employee, Antoine Smith, who questioned her about it and "caused [her] significant distress."[4]

Plaintiff obtained assistance from AIDSLaw of Louisiana, which then wrote a letter on her

---

[1] R. Doc. No. 3.
[2] R. Doc. No. 1, ¶ 4.
[3] R. Doc. No. 1, ¶¶ 2, 4-7.
[4] R. Doc. No. 1, ¶ 16.

1

behalf to Allen, requesting that he cease disclosing her private information.[5]  Plaintiff alleges that after Allen received that letter, he demanded that plaintiff join him in his office with Smith, where "[a]n argument ensued" and "Smith pulled out a knife."[6]  Allen then evicted her for untimely payment of rent despite the fact that he had previously accepted late rent payments.[7]

Plaintiff filed this lawsuit under the pseudonym "Jane Doe."[8]  As to all defendants, she alleges claims pursuant to the Fair Housing Act, as well as claims of negligent and intentional infliction of emotional distress, and invasion of privacy.[9]  She also alleges that defendants, Griffon Management LLC and Creekside Apartments, LLC, negligently trained and supervised Allen.[10]  Contemporaneously with the complaint, plaintiff filed a motion[11] for leave to proceed in this case as "Jane Doe."  She contends that she "should be permitted to proceed anonymously because the sensitive subject matter of her claims necessitates disclosure of her HIV-positive status, which is information of the utmost intimacy."[12]  She also asserts that proceeding under the pseudonym will not prejudice defendants, who are aware of her identity.[13]

Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties."  Nonetheless, under some circumstances a party may proceed anonymously or under a pseudonym.  In the Fifth Circuit, a request to litigate under a pseudonym "requires a balancing of considerations calling for maintenance of a party's privacy against the

---

[5]R. Doc. No. 1, ¶¶ 18-19.
[6]R. Doc. No. 1, ¶ 26.
[7]R. Doc. No. 1, ¶¶ 15, 20-22, 28-35.
[8]R. Doc. No. 1.
[9]R. Doc. No. 1, ¶¶ 39-56, 60-61.
[10]R. Doc. No. 1, ¶¶ 57-59.
[11]R. Doc. No. 3.
[12]R. Doc. No. 3-1, at 3.
[13]R. Doc. No. 3-1, at 6.

customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981).  Whether "prosecution of the suit compel[s] plaintiffs to disclose information of the utmost intimacy" is one of the "factors common to anonymous party suits [which] deserves considerable weight in the balance pitting privacy concerns against the presumption of openness." *See id.* at 185-86 (internal quotation marks omitted).  However, there is "no hard and fast formula for ascertaining whether a party may sue anonymously." *Id.* at 186.  Only in unusual cases will "the almost universal practice of disclosure . . . give way . . . to the privacy interests at stake," *see id.*, but the decision is left to the discretion of the district court, *see id.* at 184.

"Examples of areas where courts have allowed pseudonyms include cases involving abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, *AIDS*, and homosexuality." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (emphasis added).  In light of the discretionary nature of the balancing test and the different facts presented in different cases, courts have arrived at different conclusions regarding motions to proceed under a pseudonym on the basis of a party's HIV-positive status. *Compare S.G. v. Mears Transp. Grp., Inc.*, No. 14-917, 2014 WL 4637139, at *1 (M.D. Fla. Aug. 12, 2014) (granting motion to proceed under a pseudonym because "Plaintiff's HIV-related privacy interests outweigh the need for disclosure in this case"); *W.G.A. v. Priority Pharmacy, Inc.*, 184 F.R.D. 616, 617 (E.D. Mo. 1999) (allowing use of a pseudonym because the plaintiff's AIDS is a "personal matter of the utmost intimacy" and could subject the plaintiff to discrimination if publicized); *Roe v. City of Milwaukee*, 37 F. Supp. 2d 1127, 1129-30 (E.D. Wis. 1999) (holding that "the plaintiff's HIV-positive status is a compelling reason for allowing him to proceed under a pseudonym" based on "stigma"); *Patient v. Corbin*, 37 F. Supp. 2d 433, 434 (E.D. Va. 1998) (allowing use of a pseudonym because of the "significant stigma"

attached to the plaintiff's HIV-positive status), *with Doe v. BrownGreer PLC*, No. 14-1980, 2014 WL 4404033, at *3 (E.D. La. Sept. 5, 2014) (Wilkinson, M.J.) (denying a similar motion because the plaintiff did not establish a particular threat of retaliation outweighing "the public's interest in open judicial proceedings" and "basic fairness") (alteration omitted); *Doe v. Pentax of Am., Inc.*, No. 12-1171, 2012 WL 3128968, at * 1 (M.D. Fla. Aug. 1, 2012) (similar); *Mateer v. Ross, Suchoff, Egert, Hankin Maidenbaum & Mazel, P.C.*, No. 96-1756, 1997 WL 171011, at *5-7 (S.D.N.Y. Apr. 10, 1997) (similar).

The Court has considered both the public interest in open proceedings and plaintiff's asserted interest in maintaining the confidentiality of her HIV-positive status. In this case, plaintiff alleges that she has experienced discrimination and retaliation on the basis of her status, including eviction from her housing and a confrontation in which an employee of defendant pulled a knife. On the basis of the record at this preliminary stage of the proceedings, the Court concludes that plaintiff should be allowed to proceed with this lawsuit under a pseudonym. Accordingly,

**IT IS ORDERED** that plaintiff's motion is **GRANTED.**

New Orleans, Louisiana, December 11, 2014.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**